**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-60157-CR-HURLEY**
**CASE NO. 17-60002-CR-HURLEY**

**UNITED STATES OF AMERICA**

**v.**

**LEE ROBERT MOORE,**

**Defendant.**
_________________________________/

# PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Lee Robert Moore (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 3 of the Indictment in Case Number 16-60157-CR-Hurley, which count charges the defendant with using any facility and means of interstate or foreign commerce to knowingly persuade, induce, entice or coerce an individual who had not attained the age of eighteen years to engage in any sexual activity for which any person can be charged with a criminal offense, or attempting to do so, in violation of Title 18, United States Code, Section 2422(b). The defendant also agrees to plead guilty to Count 1 of the Indictment originally assigned Case Number 15-63-UNA (District of Delaware) and currently assigned Case Number 17-60002-CR-Hurley (Southern District of Florida), which count charges the defendant with the attempted transfer of obscene material to a minor, in violation of Title 18, United States Code, Section 1470.

2. This Office agrees to seek dismissal of Counts 1 and 2 of the Indictment in Case Number 16-60157-CR-Hurley after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that, as to Count 3 of Case Number 16-60157-CR-Hurley, the Court must impose a minimum term of imprisonment of at least ten (10) years, and may impose a statutory maximum term of life in prison; a mandatory minimum term of supervised release of at least five (5) years up to a maximum term of life, a fine of up to two hundred and fifty thousand dollars ($250,000.00), and an order of restitution. The defendant also

understands and acknowledges that, as to Count 1 of Case Number 17-60002-CR-Hurley, the Court may impose a statutory maximum term of imprisonment of ten years; a maximum term of supervised release of three (3) years, and a fine of up to two hundred and fifty thousand dollars ($250,000.00).

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count to which he is pleading guilty. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating

that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. This Office, however, will not be required to make this motion or this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government or a recommendation made jointly by both the defendant and the government.

9. This Office and the defendant agree that by pleading guilty, the defendant is

accepting responsibility for his conduct involving the on-line enticement of other minors, including a juvenile victim in Amarillo, Texas, a juvenile victim in Missouri, and others as yet identified. In exchange and consideration of his plea in this case, this Office agrees not to prosecute the defendant for these victims or any additional victims it might discover in the future, as long as the defendant's conduct as it relates to any such victims is based on similar conduct as that engaged in by the defendant in this case, to wit, online enticement, attempted production, production, receipt and possession of child pornography, and the transmission of obscene material. If, however, it is ever determined that the defendant engaged in any hands-on sexual offenses against a minor, this Office will not be bound by any agreement not to prosecute and additional charges can be pursued for such conduct. Additionally, the agreement not to prosecute set forth in this paragraph of the plea agreement is not binding on any other federal or state jurisdiction. At the time of this plea agreement, undersigned counsel for the United States is not aware of any other jurisdictions (state or federal) who are investigating the defendant or who have any plans to prosecute defendant.

10. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this

agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

11. The defendant also agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to all assets, and/or their substitutes which is subject to forfeiture pursuant to 18 U.S.C. § 2253 including but not limited to, the following:

a. one (1) Apple iPhone 5S, IMEI 358753057494876;

b. one (1) Apple iPhone 6, IMEI 359305061400503;

c. one (1) Dell Vostro D06D Desktop Computer, Service Tag 3T09WR1, containing a 282GB Western Digital Hard Drive.

As a result of the offenses alleged in Count 3 of the Indictment, the defendant agrees that the above-named property is: 1) a visual depiction of a minor engaged in sexually explicit conduct, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received; 2) property, real or personal, constituting or traceable to gross profits or other proceeds which the defendant obtained from such violations; and/or 3) property, real or personal, used or intended to be used to commit or to promote the commission of such violations and any property traceable to such

property in violation of 18 U.S.C. § 2252(a)(4)(B) and is subject to forfeiture pursuant to 18 U.S.C. § 2253. The defendant knowingly and voluntarily waives any claim or defense he may have under the Eight Amendment of the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant waives his right to appeal the forfeiture.

12.  Restitution.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct, including Minor Victim-1, Minor Victim-2, and Minor Victim-3 referenced in the Factual Basis. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. The defendant understands and agrees that the Government has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as

directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce the restitution obligation in this case. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different than the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

13. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. The defendant understands that he shall keep his

registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, he will be subject to the registration requirements of Florida State Statute 943.0435. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

14. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in the state of Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

15. The Defendant's attorney has advised him of his rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Upon signing this agreement, the Defendant waives these rights and agrees that the content of this Agreement, including the Factual Basis (incorporated herein), may be used against him at any time in any proceeding should he violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. In other words, even though Federal Rule of

Criminal Procedure 11(d) may allow, under certain circumstances, a defendant to withdraw a guilty plea before the Court accepts the plea, the Defendant understands that by signing this Agreement, the contents of this Agreement and the Factual Basis may be used against him even if he withdraws the guilty plea immediately thereafter, and even if he chooses not to plead guilty prior to the change of plea hearing.

The Government may use Defendant's guilty plea, any statement made under oath at the change-of-plea hearing, and the Factual Basis statement incorporated into this plea agreement, against him in any proceeding, including at trial.

16. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 3-1-17 By: [signature]
Corey Steinberg
Assistant United States Attorney

Date: 3-1-2017 By: [signature]
Austin M. Berry
Trial Attorney

Date: 3-1-17 By: [signature]
Bruce H. Lehr
Attorney for Defendant

Date: 3-1-17 By: [signature]
Lee Robert Moore
Defendant