UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBERS: 16-CR-60157
17-CR-60002

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LEE ROBERT MOORE,

    Defendant.
_____/

**DEFENDANT LEE ROBERT MOORE'S OBJECTIONS
TO THE PRESENTENCE INVESTIGATION REPORT**

    COMES NOW, Defendant LEE ROBERT MOORE (hereinafter "Mr. Moore") by and through his undersigned attorneys and files this, his Objections to the Presentence Investigation Report ("PSR"), and would state:

    1.    Mr. Moore's First Objection to the PSR is to paragraphs 50, 59, 66, 72, and 79, which state that the defendant obstructed the administration of justice by deleting applications and other information from his iPhone that pertained to the investigation. Application Note 4(d) to U.S.S.G § 3C1.1 states that the obstruction of justice enhancement does not apply to conduct that occurred contemporaneously with arrest unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender.

    As noted in paragraph 20 of the PSR, on November 6, 2015, the United States Secret Service's (USSS) Internal Affairs personnel learned of the Government's instant investigation of Mr. Moore. At that time, Mr. Moore had been on leave from his employment and was not due to return until November 9, 2015. Delaware State Police (DSP) and Homeland Security (HSI) personnel

advised USSC personnel that they intended on arresting Mr. Moore upon his return on November 9, 2015, and requested that USSC not take any employment related action against Mr. Moore prior to the planned arrest on November 9, 2015.

Despite this request, USSS personnel went to Mr. Moore's residence on the late evening of November 6, 2015, to advise him that he was being placed on administrative leave pending a security clearance review. Less than 72 hours later, on the morning of November 9, 2015, Mr. Moore was arrested. The PSR alleges that, upon learning that the USSS had placed him on administrative leave pending a security clearance review, Mr. Moore changed his Facebook profile to "private" and deleted his Meet 24 profile (an Iphone application used in the offense conduct). It is respectfully submitted that such conduct, even if proven true, does not rise to the level of obstruction of justice sufficient to warrant a 2 level increase.

With respect to Mr. Moore's Facebook account, at no point did Mr. Moore ever use Facebook to contact minors during the commission of the instant offense or to otherwise engage in any prohibited conduct or illegality. After learning that there was a USSS security clearance review pending, Mr. Moore merely changed his Facebook profile from a public profile to a private profile. This change merely restricted his Facebook audience to individuals who he had accepted as "friends" and limited the general public from being able to view the contents of his Facebook posts and activity log. He took this action solely to protect his privacy while the security clearance review was pending. At no point did Mr. Moore delete or otherwise destroy any of his Facebook posts, pictures, activity log, or data off of his Facebook account. Accordingly, there was no destruction of evidence and no material hindrance to the Government's prosecution as a result of the subject change in profile.

With respect to the Meet 24 account, Mr. Moore also thought it prudent to remove the application on his Iphone for two reasons: (1) he was aware that his security clearance was under review; and (2) he was aware that his wife, who oftentimes had access to his phone and knew his passcode, could discover it.  Despite the removal of the application icon on his Iphone, at no point did Mr. Moore delete or otherwise destroy the actual contents of this account on any computer or server.  His account remained open and visible on any server, and Mr. Moore made no changes, additions, or deletions to that account.

Mr. Moore's intent in removing the subject Iphone application was never to avoid prosecution or to willfully obstruct or impede the Government's investigation.  In fact, Mr. Moore did not learn of the Government's investigation of the instant offense until the date of his arrest. On the morning of November 9, 2015, when summoned by the USSS to appear at the DSP station, Mr. Moore did so voluntarily.  During an interview, he admitted all culpability in the state offense for which he was arrested.  As this Court is aware, a federal arrest warrant was later executed and numerous electronic items were seized from Mr. Moore's home.  Had it been Mr. Moore's intention to destroy evidence or materially hinder the Government's investigation, none of the items seized following his arrest would have contained any incriminating information.  Moreover, the removal of one Iphone application, as compared to the plethora of incriminating information contained in the items seized that were neither deleted nor destroyed by Mr. Moore cannot be said to have materially hindered the Government's investigation so as to trigger the obstruction enhancement.  In fact, the Government succeeded in the prosecution of Mr. Moore for the instant offenses in large part because of the evidence seized from Mr. Moore's home, none of which he attempted to alter, delete or destroy. As such, it is respectfully submitted that an obstruction of justice enhancement, as it applies

to this case as a whole, would be improper.

Nevertheless, assuming *arguendo* that the Court finds that the removal of this Iphone application constitutes obstruction of justice, that enhancement should only be applied to the offense conduct in case number 17-60002, which involved the use of the subject phone (Iphone 6) containing the Meet24 application. The offense conduct in case number 16-60157 occurred prior to the commission of the foregoing offense and involved the use of another phone (Iphone 5). Accordingly, the subsequently deleted Meet 24 application from the Iphone 6 could not have contained information pertaining to the offense involving minor victims 1-3 under case number 16-60157. As such, the two level enhancement for obstruction of justice that is reflected in the PSR for each of these group of offenses under case number 16-60157 is wholly inapplicable.

2.   Mr. Moore Second Objection to the PSR is to paragraphs 60, 67, 73, and 80, which provide separate adjusted offense levels ranging from 21 to 38. As noted above, the 2 level enhancement for obstruction of justice should not be applied to this case because Mr. Moore's conduct was contemporaneous to his arrest and did not result in a material hindrance to the Government's investigation. Deducting the 2 level increase for obstruction of justice, the adjusted offense level in paragraphs 60, 67, 73, and 80 should be 34, 36, 34, and 19, respectively.

3.   Mr. Moore's Third Objection to the PSR is to paragraph 82, which provides the greater of the adjusted offense levels as 38. As noted above, the greater of the adjusted offense levels should be 36.

4.   Mr. Moore's Fourth Objection to the PSR is to paragraph 84, which provides a Combined Adjusted Offense Level of 41. It should, instead, be 39.

5.   Mr. Moore's Fifth Objection to the PSR is to paragraph 85, which provides a 5 level

increase in the total offense level pursuant to §4B1.5(b)(1). This guideline provides a 5 level increase for a "covered sex crime" where the defendant engaged in a pattern of activity involving "prohibited sexual conduct." Application Note 2 to §4B1.5 defines a covered sex crime, in pertinent part, as follows:

> "**an offense, perpetrated against a minor,** under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, **not including** trafficking in, **receipt of, or possession of, child pornography**, . . ."

Application Note 4 to §4B1.5 further provides that **for purposes of subsection (b)**, "prohibited sexual conduct" means any of the following: (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. **It does not include receipt or possession of child pornography**."

In the case at bar, Mr. Moore's offense involved (a) the receipt and possession of child pornography (by receiving nude pictures of minors) and (b) the transfer of obscene material to a minor (by sending nude pictures of himself to minors).

The foregoing application note expressly states that the receipt and possession of child pornography is not conduct that triggers this enhancement. See Application Note 4 to §4B1.5. With respect to the transfer of obscene material to a minor, Mr. Moore is already being penalized for this conduct pursuant to the **7 level enhancement for the distribution** of such material intended to persuade, induce, entice, or coerce the minor to engage in prohibited sexual conduct, under §2G3.1(b)(1)(E). Applying an additional 5 level enhancement for the "production" of said material would constitute impermissible double counting since it would be penalizing Mr. Moore for conduct

5

that has already been taken into consideration and reflected in his sentencing guidelines.

As this Court is aware, "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." See U.S. v. Dudley, 463 F.3d 1221, 1226-1227 (11th Cir. 2006); see also U.S. v. Germany, 296 Fed.Appx. 852 (11th Cir. 2008.)

Undersigned counsel discussed the applicability of this enhancement with U.S. Probation Officer Edward Cooley, who advised that the enhancement was being sought on account of the nude pictures Mr. Moore took of himself and later sent to the minors. The distribution of this material to minors has already been taken into account by the 7 level enhancement under §2G3.1(b)(1)(E).

Mr. Moore is also being separately penalized for each of the minors involved in the instant offense. Pursuant to §2G2.1(d)(1), each minor that was involved in the instant offense, whether specifically cited in the count of conviction or not, is being treated as a separate count of conviction and not subject to the grouping rules in §3D1.2(a)-(d). As a result, Mr. Moore's offense level is already being increased by 3 additional units for this pattern of activity. Applying 5 additional levels for this very activity would also constitute impermissible double counting. For the foregoing reasons, Mr. Moore respectfully submits that the application of an additional 5 level enhancement under §4B1.5(b)(1) would be erroneous.

6.     Mr. Moore's Sixth Objection to the PSR is to paragraph 88, which reflects a total offense level of 43. Deducting the 2 level increase for obstruction of justice, and the 5 level increase for engaging in a pattern of activity involving prohibited sexual conduct, Mr. Moore's total offense level should be 36.

7.      Mr. Moore's Seventh Objection to the PSR is to paragraph 119, which states that based on a total offense level of 43 and a criminal history category of I, the guideline imprisonment range is life. Applying the foregoing deductions, Mr. Moore's total offense level should be 36, with a guideline imprisonment range of 188-235 months.

WHEREFORE, Defendant LEE ROBERT MOORE files the above-stated objections to the Presentence Investigation Report filed in this cause.

>     Respectfully submitted,
>
>     LEHR LEVI & MENDEZ, P.A.
>     Attorneys for Defendant LEE ROBERT MOORE
>     1401 Brickell Avenue, Suite 910
>     Miami, Florida 33131
>     Telephone: (305) 377-1777
>     Fax: (305) 377-0087
>
>     BY   /s/ Sherleen M. Mendez
>          SHERLEEN M. MENDEZ
>          Florida Bar Number 513571

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                    /s/ Sherleen M. Mendez
                                                    SHERLEEN M. MENDEZ